IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY CLIFFORD JACKSON,

    Petitioner,	No. CIV-S-10-2341 LKK CKD P

  vs.

G. SWARTHOUT,

    Respondent.	FINDINGS AND RECOMMENDATIONS

/

    Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. 2254. He is serving a sentence of seven-years-to-life imprisonment for crimes, including first degree murder, committed in Los Angeles County in 1971. Respondent has filed a motion requesting that this action be dismissed as time-barred.

    Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

1     the United States is removed, if the applicant was prevented from filing by such State action;

2

3     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

5     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

7     Essentially, petitioner asserts that he should have been paroled in 1990. Petitioner is not challenging the state court judgment which resulted in his being imprisoned, he does not suggest he was impeded in bringing this case by state action, and he does not suggest that his claims are based on a Constitutional right recognized sometime after 1990. Therefore, the limitations period applicable to this action commenced when petitioner, with the exercise of due diligence, could have discovered the factual predicate of his claims.

    To the extent petitioner argues that, under California law, he should have been paroled in 1990, he was aware of the factual predicate of his claim, at the latest, in 1990 when he was not paroled. That being the case the limitations period applicable to this action began running on April 24, 1996, the day the statute of limitations for habeas cases was enacted. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997). This case was commenced in August of 2010 and petitioner does not demonstrate, nor does he make any serious attempt to demonstrate, that the limitations should be deemed tolled for the approximately 13 years necessary to save this action. Therefore any claims concerning the denial of parole occurring in 1990 are time-barred.

    The court notes that petitioner appears to suggest that the Board of Parole Hearings' failure to render rulings on petitioner's claim that he should have been paroled in 1990

/////

/////

/////

1  somehow violates his rights arising under federal law (e.g. Pet. at 6[1]). It is not clear when the
2  factual predicate for this claim arose. But, in any case, this is not an actionable claim because
3  petitioner does not have a federal right to have the Board issue rulings on any argument petitioner
4  presents. Under the Fourteenth Amendment, petitioner has a right to not be deprived of his
5  liberty without due process and the Supreme Court has held that the process due in any California
6  parole proceeding is an opportunity to be heard and a statement of the reasons why parole was
7  denied. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam). Petitioner does not assert
8  he has ever been denied either of these rights.

9      For all the foregoing reasons, IT IS HEREBY RECOMMENDED that:

10      1. Respondent's February 24, 2011 motion to dismiss be granted; and

11      2. This case be closed.

12      These findings and recommendations are submitted to the United States District
13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
14  one days after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties. Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner
17  may address whether a certificate of appealability should issue in the event he files an appeal of
18  the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district
19  court must issue or deny a certificate of appealability when it enters a final order adverse to the
20  applicant). Any reply to the objections shall be served and filed within fourteen days after
21  service of the objections. The parties are advised that failure to file objections within the
22  /////
23  /////
24  /////

---

[1] When referencing petitioner's application for writ of habeas corpus, the page numbers identified are those assigned by the court's electronic docketing system.

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 15, 2011

_____  
CAROLYN K. DELANEY  
UNITED STATES MAGISTRATE JUDGE

---

1  
jack2341.157